## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARQUIS JACKSON,

                Plaintiff,

    -against-

CITY OF NEW HAVEN; and LEROY
DEASE, PETISIA ADGER, DARYLE
BRELAND, and JAMES STEPHENSON, in
their individual capacities

              Defendants.

**ANSWER TO PLAINTIFF'S
COMPLAINT AND JURY DEMAND**

### DEFENDANT LEROY DEASE'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Fed.R.Civ.P. 8(b), Defendant Leroy Dease ("Defendant"), named in the above captioned lawsuit in his individual capacity, answers plaintiff's complaint as follows:

### INTRODUCTION

1.    Defendant denies the allegations in paragraph 1.

2.    Defendant denies that as a result of Defendants' actions as pled, that Marquis was wrongfully convicted. As for the remaining allegations, Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 2 and leaves plaintiff to his proofs.

### PARTIES

3.    Defendant admits plaintiff resided in New Haven, Connecticut at the time of his arrest.  Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 3 and leaves plaintiff to his proofs.

4.    Defendant admits the allegations in paragraph 4.

5.    Defendant admits he was a detective in the NHPD and is now retired. The remaining allegations in paragraph 5 are legal conclusions that require no response. To the extent an answer is required, Defendant denies the remaining allegations in paragraph 5.

6.    Defendant admits Adger was a detective with the NHPD, promoted to deputy police chief, and is now retired.  The remaining allegations in paragraph 6 are legal conclusions that require no response. To the extent an answer is required, Defendant denies the remaining allegations in paragraph 6.

7.     Defendant admits Breland was a former detective with the NHPD and is now retired.  The remaining allegations in paragraph 7 are legal conclusions that require no response. To the extent an answer is required, Defendant denies the remaining allegations in paragraph 7.

8.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 8 and leaves plaintiff to his proofs.

## JURISDICTION AND VENUE

9.     Defendant denies that plaintiff was deprived of his rights under the United States Constitution.  Defendant admits this action is brought, in part, under 42 U.S.C. §§ 1983.  Defendant admits the remaining allegation in paragraph 9.

10.     Defendant admits the allegation in paragraph 10.

11.     Defendant admits the allegation in paragraph 11.

## JURY DEMAND

12.     Paragraph 12 sets forth plaintiff's demand for trial by jury, and, as such, no answer is necessary.

## FACTUAL ALLEGATIONS

13.     Defendant admits the allegations in paragraph 13.

14.     Defendant admits the allegations in paragraph 14.

15.     Defendant admits the allegations in paragraph 15.

16.     Defendant denies the allegations in paragraph 16.

17.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 17 and leaves plaintiff to his proofs.

18.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 18 and leaves plaintiff to his proofs.

19.     Defendant admits that the police told Horn to wait and be interviewed. Defendant further admits that NHPD officer spoke to Horn outside the Deli.  The remaining allegations in paragraph 19 are denied.

20.      Defendant admits he retired in 1999 but does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 20 and leaves plaintiff to his proofs.

21.     Defendant admits Adger participated in the investigation and she had been promoted to the investigations unit. Defendant denies the remaining allegations in paragraph 21.

22.     Defendant admits working on the investigation with Detective Adger and interviewing witnesses during the investigation. Defendant denies the remaining allegations in paragraph 22.

23.     Defendant admits it was possible that a perpetrator may return to the scene of a crime, and therefore, he considered all possible suspects, including individuals at the crime scene, when investigating a crime.  Defendant denies the remaining allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant admits Wolfinger identified plaintiff.  Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 25 and leaves the plaintiff to his proofs.

26.     Defendant admits that Wolfinger told police she saw two unmasked men walk out of the Deli and stand outside before leaving. Defendant further admits she described the men as light skinned black men. Defendants deny the remaining allegations in paragraph 26.

27.      Defendant admits the perpetrators wore masks while in the store and left the store after hearing sirens.  Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 27 and leaves plaintiff to his proofs.

28.     Defendant admits that on January 24, 1999, Wolfinger identified a photo of plaintiff in an eight-photo array.  Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 28 and leaves plaintiff to his proofs.

29.     Defendant admits that when asked whether she was positive plaintiff was outside the Deli, in a taped statement, she replied "Possibly, yes, he looks very familiar." Defendant denies the remaining allegations in paragraph 29.

30.     Defendant admits Kendall Thompson was in the Deli during the crime. Defendant further admits showing Kendall Thompson photos of plaintiff and Vernon Horn on January 26 in a photo array. Defendant denies the remaining allegations of paragraph 30.

31.     Defendant admits Thompson said the perpetrators were wearing masks the entire time.  Defendant denies the remaining allegations in paragraph 31.

32.     Defendant admits Thompson identified Horn because of his eyes, mouth, and complexion.  Defendant further admits Thompson identified Plaintiff.  Defendant denies the remaining allegations in paragraph 32.

33.     Defendant admits plaintiff was interviewed on January 25, 1999 by Detectives Adger and Stephen Coppola.  Defendant denies that Paragraph 33 is the entire statement given during that interview and further denies each and every other factual statement in paragraph 33.

34.     Defendant admits that arrest warrants were issued for plaintiff and Marquis Jackson on March 12, 1999.  Defendant denies the remaining allegations in paragraph 34.

35.     Defendant admits fingerprint evidence was obtained from the crime scene, which at that point in time, had not been matched. Defendant does not have sufficient knowledge to form a belief as to the remaining allegation in paragraph 35 and leaves plaintiff to his proofs.

36.     Defendant admits the NHPD attempted to obtain records from Butler's stolen cell phone to gather evidence leading to the identity of the perpetrators.  Defendant denies the remaining allegations in paragraph 36.

37.     Defendant admits that on February 2, 1999, the NHPD obtained records from Butler's prepaid cell phone.

38.     Defendant admits five calls were made on the phone from the time the phone was stolen to when Butler cut off service.  Defendant denies the remaining allegations in paragraph 38.

39.     Defendant responds that the document detailing the calls is the best evidence of its contents and the document speaks for itself. Defendant does not have sufficient information to form a belief as to the remaining allegations in paragraph 39 and leaves plaintiff to his proofs.

40.     Defendant admits that Sadler was interviewed in February and early March of 1999, but he said he did not remember who called him.  Defendant denies the remaining allegations in paragraph 40.

41.     Defendant admits the allegations in paragraph 41.

42.     Defendant admits the allegations in paragraph 42.

43.     Defendant admits the allegations in paragraph 43.

44.     Defendant admits the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     At times, the detectives conducted interviews before recording a statement of a witness.  Defendant denies the remaining allegations in paragraph 50.

51.     Defendant denies the allegation in paragraph 51.

52.     Defendant denies the allegation in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 54 and leaves plaintiff to his proofs.

55.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 55 and leaves plaintiff to his proofs.

56.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 56 and leaves plaintiff to his proofs.

57.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 57 and leaves plaintiff to his proofs.

58.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 58 and leaves plaintiff to his proofs.

59.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 59 and leaves plaintiff to his proofs.

60.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 60 and leaves plaintiff to his proofs.

61.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 61 and leaves plaintiff to his proofs.

62.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 62 and leaves plaintiff to his proofs.

63.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 63 and leaves plaintiff to his proofs.

64.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 64 and leaves plaintiff to his proofs.

65.     Defendant denies the allegations in paragraph 65.

66.     Defendant admits that Detectives Dease, Adger and Breland went to the house in West Haven on February 2, 1999 after receiving the stolen cell phone records and Crystal Sykes answered the door.  Defendant denies the remaining allegations in paragraph 66.

67.     Defendant admits that Sykes voluntarily arrived at the police station and identified a photo of Marcus Pearson. Defendant denies the remaining allegations in paragraph 67.

68.     Defendant admits Sykes identified a photo of Marcus Pearson but denies that Sykes provided the information in paragraph 68, and therefore, denies the remaining allegations of paragraph 68.

69.     Defendant admits the allegations in paragraph 69.

70.     Defendant admits he interviewed Sykes and Sykes gave a tape-recorded statement which was typed. The transcribed statement is the best evidence of its contents and speaks for itself. Defendant further admits that notes from the interview were discarded after he prepared a police report summarizing the interview. Defendant has insufficient information regarding the remaining allegations in paragraph 70.

71.     Defendant denies the allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant denies the allegations in paragraph 73.

74.     Defendant responds that the document is the best evidence of its contents and speaks for itself.  To the extent, this paragraph requires a response, defendant denies the allegations in paragraph 74.

75.     Defendant responds that the document is the best evidence of its contents and speaks for itself.  Further answering, defendant denies "coaching" Sykes, and to the extent this paragraph requires a further response, defendant denies the allegations in paragraph 75.

76.     Defendant denies the allegations in paragraph 76.

77.     Defendant admits Detective Breland talked to Pearson on January 26, 1999 and Pearson gave a tape-recorded statement.  Defendant denies the remaining allegations of paragraph 77.

78.     Defendant denies the allegations in paragraph 78.

79.     Defendant denies the allegations in paragraph 79.

80.     Defendant admits speaking with Pearson on January 26, January 28, February 5, and February 9, 1999.  However, defendant denies the remaining allegations of paragraph 80.

81.     Defendant admits Pearson was on probation. Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 81 and leaves plaintiff to his proofs.

82.     Defendant admits he interviewed Pearson on February 9, 1999. Defendant denies the remaining allegations in paragraph 82.

83.     Defendant denies the allegations in paragraph 83.

84.     Defendant denies the allegations in paragraph 84.

85.     Defendant admits to interviewing Pearson on February 5 and February 9. Defendant denies the remaining allegations in paragraph 85.

86.     Defendant denies the allegations in paragraph 86.

87.     Defendant admits arresting Plaintiff on March 12, 1999.  Defendant denies the remaining allegations in paragraph 87.

88.     Paragraph 88 is an incomplete characterization of the status of the investigation, and therefore the allegations are denied.

89.     Defendant admits Sykes's boyfriend was Newkirk.  Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 89 and leaves plaintiff to his proofs.

90.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 90 and leaves plaintiff to his proofs.

91.     Defendant responds that the reports are the best evidence of their contents and speaks for themselves.  Defendant denies the remaining allegations in paragraph 91.

92.     Defendant denies the allegations in paragraph 92.

93.     Defendant admits NHPD contacted Sadler several times in February and March 1999, and that Sadler stated he did not recall who called him from the stolen cell phone.  Dease further admits that Newkirk was present during a visit to Sadler on March 9.  Defendant denies the remaining allegations in paragraph 93.

94.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 94 and leaves plaintiff to his proofs.

95.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 95 and leaves plaintiff to his proofs.

96.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 96 and leaves plaintiff to his proofs.

97.     Defendant admits that on March 4, 1999, Dease and Adger interviewed Marlo Macklin, who identified Steve as Steve Brown.

98.     Defendant admits the allegations in paragraph 98.

99.     Defendant admits the allegations in paragraph 99.

100.    Defendant admits that at the time Steve Brown was arrested, Defendant knew Brown lived and sold drugs in Bridgeport and had participated in the murder-robbery at the Dixwell Deli.  Defendant does not have sufficient knowledge to form a belief as to the remaining allegations and leaves plaintiff to his proofs.

101.    Defendant denies the allegations in paragraph 101.

102.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 102 and leaves plaintiff to his proofs.

103.    Defendant denies the allegations in paragraph 103.

104.    Defendant admits the allegations in paragraph 104.

105.    Defendant denies the allegations in paragraph 105.

106.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 106 and leaves plaintiff to his proofs.

107.    Defendant admits Brown picked plaintiff and Horn, who were suspects, out of a photo array on March 10, 1999.  Defendant denies the remaining allegations in paragraph 107.

108.    Defendant denies the allegations in paragraph 108.

109.    Defendant denies that Brown was randomly guessing.  Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 109 and leaves plaintiff to his proofs.

110.    Defendant admits Brown said he and Horn rode around in Bridgeport until the next morning and then Horn took the phone back and left.   Defendant denies the remaining allegations in paragraph 110.

111.    Defendant admits that the time of the Miranda waiver was March 10, 1999 at 7:10 pm, and the time the recorded statement ended was 8:43 pm. Defendant denies the remaining allegations in paragraph 111.

112.    Defendant admits no notes exist from their interview of Brown, however, a transcribed statement exists.  Defendant denies the remaining allegation in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

Case 3:19-cv-00388-RNC   Document 36   Filed 04/30/19   Page 9 of 18

114.     Defendant admits a warrant to arrest plaintiff was applied for on March 12, 1999. Defendant denies that the warrant was based on fabricated evidence and denies the remaining allegations in paragraph 114.

115.     Defendant admits the allegations in paragraph 115.

116.     Defendant admits the allegations in paragraph 116.

117.     Defendant admits to the allegations in paragraph 117.

118.     Defendant admits to the allegations in paragraph 118.

119.     Defendant admits to the allegations in paragraph 119.

120.     Defendant admits to the allegations in paragraph 120.

121.     Defendant denies the allegations in paragraph 121.

122.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 122 and leaves plaintiff to his proofs.

123.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 123 and leaves plaintiff to his proofs.

124.     Defendant admits Brown testified during the State's case and was a participant in the crime.  Defendant further admits Brown stated the murder weapon fired by plaintiff was a Beretta. Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 124 and leaves the plaintiff to his proofs.

125.     Defendant admits the NHPD sent shell casings and bullet fragments recovered from the Dixwell Deli to the State Police Forensic Science Laboratory.

126.     Defendant admits that the statute exists, but defendant responds that the statue is the best evidence of its contents and speaks for itself.

127.     Defendant admits that the statute exists, but defendant responds that the statue is the best evidence of its contents and speaks for itself.

128.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 128 and leaves plaintiff to his proofs.

129.     Defendant admits that a report exists but lacks information to form a belief regarding the remaining allegations in paragraph 129.

130.    Defendant admits that a report exists, but defendant responds that the report is the best evidence of its contents and speaks for itself.  Further answering, defendant lacks sufficient knowledge to form a belief as to the allegations in paragraph 130 and leaves plaintiff to his proofs.

131.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 131 and leaves plaintiff to his proofs.

132.    Defendant admits that the report exists, but defendant responds that the report is the best evidence of its contents and speaks for itself.  Further answering, defendant lacks sufficient knowledge to form a belief as to the allegations in paragraph 132 and leaves plaintiff to his proofs.

133.    Defendant admits that the report exists, but defendant responds that the report is the best evidence of its contents and speaks for itself.  Further answering, defendant lacks sufficient knowledge to form a belief as to the allegations in paragraph 133 and leaves plaintiff to his proofs.

134.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 134 and leaves plaintiff to his proofs.

135.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 135 and leaves plaintiff to his proofs.

136.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 136 and leaves plaintiff to his proofs.

137.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 137 and leaves plaintiff to his proofs.

138.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 138 and leaves plaintiff to his proofs.

139.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 139 and leaves plaintiff to his proofs.

140.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 140 and leaves plaintiff to his proofs.

141.    Defendant admits the allegation in paragraph 141.

142.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 142 and leaves plaintiff to his proofs.

143.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 143 and leaves plaintiff to his proofs.

144.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 144 and leaves plaintiff to his proofs.

145.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 145 and leaves plaintiff to his proofs.

146.     Defendant admits he testified as quoted, however, defendant denies the remaining allegations in paragraph 146.

147.     Defendant denies the allegations in paragraph 147.

148.     Defendant admits Plaintiffs were convicted.  Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 148 and leaves plaintiff to his proofs.

149.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 149 and leaves the plaintiff to his proofs.

150.     Defendant admits plaintiff was sentenced to prison.  Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 150 and leaves plaintiff to his proofs.

151.     Defendant admits Vernon Horn was sentenced to prison.  Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 151 and leaves plaintiff to his proofs.

152.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 152 and leaves plaintiff to his proofs.

153.     Defendant admits plaintiff and Horn pursued post-conviction remedies.

154.     Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 154 and leaves plaintiff to his proofs.

155.     Defendant denies that he gave a binder of documents relating to the Dixwell Deli case to Detective Adger. Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 155 and leaves plaintiff to his proofs.

156.     Defendant does not have sufficient information to form a belief as to the allegations of paragraph 156 and leaves plaintiff to his proofs.

157.     Defendant provides no response as the records are their own best evidence of the content and speak for themselves.  To the extent an answer is required, defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 157 and leaves plaintiff to his proofs.

158.     Defendant provides no response as the records are their own best evidence of the content and for themselves.  To the extent an answer is required, defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 158 and leaves plaintiff to his proofs.

159.     Defendant provides no response as the records are their own best evidence of the content and for themselves.  To the extent an answer is required, defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 159 and leaves plaintiff to his proofs.

160.     Defendant provides no response as the records are their own best evidence of the content and speak for themselves.  To the extent answer is required, defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 160 and leaves plaintiff to his proofs.

161.     Defendant provides no response as the records are their own best evidence of the content and speak for themselves.  To the extent an answer is required, defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 161 and leaves plaintiff to his proofs.

162.     Defendant provides no response as the records are their own best evidence of the content and speak for themselves.  To the extent an answer is required, defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 162 and leaves plaintiff to his proofs.

163.     Defendant admits the 137 pages of phone records include records of phones associated with defendant, Jackson, and Pearson.  Defendant provides no response to the remaining allegations as the records are their own best evidence of the content and speak for themselves.  To the extent an answer is required, defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 163 and leaves plaintiff to his proofs.

164.     Defendant denies the allegations in paragraph 164.

165.     Defendant denies hiding records. Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 165 and leaves plaintiff to his proofs.

166.     Defendant admits that two search warrants were issued in January and February for phone records and that the common practice was to docket the search warrant and return with the New Haven clerk. Defendant denies the remaining allegations in paragraph 166.

167.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 167 and leaves plaintiff to his proofs.

168.     Defendant admits the allegation in paragraph 168.

169.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 169 and leaves plaintiff to his proofs.

170.     Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 170 and leaves plaintiff to his proofs.

171.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 171 and leaves plaintiff to his proofs.

172.    Defendant provides no response as the records are their own best evidence of the content and speak for themselves.  To the extent an answer is required, Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 172 and leaves the plaintiff to his proofs.

173.    Defendant provides no response as the records are their own best evidence of the content and speak for themselves.  To the extent an answer is required, defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 173 and leaves plaintiff to his proofs.

174.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 174 and leaves plaintiff to his proofs.

175.    Defendant admits having looked at and showing the call record to witnesses. Defendant denies the remaining allegations in paragraph 175.

176.    Defendant admits reviewing the record, but Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 176 and leaves plaintiff to his proofs.

177.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 177 and leaves plaintiff to his proofs.

178.    Defendant denies the allegations in paragraph 178.

179.    Defendant denies the allegations in paragraph 179.

180.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 180 and leaves plaintiff to his proofs.

181.    Defendant does not have sufficient knowledge to form a belief as to the allegations in paragraph 181 and leaves plaintiff to his proofs.

## **DAMAGES**

182.    Defendant denies the allegations in paragraph 182.

183.    Defendant denies the allegations in paragraph 183.

184.    Defendant denies the allegations in paragraph 184.

185.    Defendant denies the allegations in paragraph 185.

186.    Defendant denies the allegations in paragraph 186.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – *Brady* – Withholding Material Exculpatory
Evidence (Against Defendants Dease, Adger, and Breland)

187.    Defendant restates and incorporates herein the answers to the above paragraphs.

188.    This allegation calls for legal conclusions and therefore no answer is required.  To the extent an answer is required, defendant denies the allegations in paragraph 188.

189.    Defendant denies the allegations in paragraph 189. Defendant admits to any duties proscribed under the law but denies violating and/or breaching of any such duties.

190.    Defendant denies concealing the records. Defendant does not have sufficient knowledge to form a belief as to the remaining allegations in paragraph 190 and leaves plaintiff to his proofs.

191.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendant denies the allegation in paragraph 191.

192.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendant denies the allegation in paragraph 192.

193.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendant denies the allegation in paragraph 193.

194.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendant denies the allegation in paragraph 194.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Denial of Due Process – Fabrication of Evidence
(Against Defendants Dease, Adger, and Breland)

195.    Defendant restates and incorporates herein the answers to the above paragraphs.

196.    Defendant denies the allegation in paragraph 196.

197.    Defendant denies the allegations in paragraph 197, including subsections (a) through (d).

198.    Defendant denies the allegations in paragraph 198, including subsections (a) through (c).

199.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 199.

200.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 200.

201.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 201.

## THIRD CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments – Unreasonably Prolonged Detention (Against Defendants Dease, Adger, and Breland)

202.    Defendant restates and incorporates herein the answers to the above paragraphs.

203.    Defendant denies the allegations in paragraph 203.

204.    Defendant denies the allegation in paragraph 204.

205.    Defendant denies the allegations in paragraph 205.

206.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 206.

207.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 207.

208.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 208.

209.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 209.

## FOURTH CAUSE OF ACTION
42 U.S.C. § 1983 – Failure to Intervene
(Against Defendants Dease, Adger, and Breland)

210.    Defendant restates and incorporates herein the answers to the above paragraphs.

211.    Defendant denies the allegations in paragraph 211.

212.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 212.

213.    Defendant denies the allegation in paragraph 213.

214.    This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 214.

215.     This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation 215.

## FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 – *Brady* – Withholding Material Exculpatory
Evidence (Against Defendant Stephenson)

216-222. The allegations in the Fifth Cause of Action are not directed to Defendant, and therefore, no answer is given or required.

## SIXTH CAUSE OF ACTION
42 U.S.C. § 1983 – Municipal Liability – Fourth and Fourteenth Amendments -
Policy and Custom of Coercive Police Interrogation and Fabricated Witness Statements
(Against Defendant City of New Haven)

223-228. The allegations in the Sixth Cause of Action are not directed to Defendant, and therefore, no answer is given or required.

## SEVENTH CAUSE OF ACTION
Negligence
(Against Defendant Dease, Adger, and Breland)

229.     Defendant restates and incorporates herein the answers to the above paragraphs.

230.     Defendant admits only to those duties proscribed by the law.  Defendant denies the breach of any such duties that may exist.

231.     This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 231.

232.     This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, defendant denies the allegation in paragraph 232.

## EIGHTH CAUSE OF ACTION
Article First, § § 7, 8, and 9 of the Connecticut Constitution
(Against Defendants Dease, Adger, and Breland)

233.     Defendant restates and incorporates herein the answers to the above paragraphs.

234.     Defendant denies the allegations in paragraph 234.

235.     Defendant denies the allegations in paragraph 235.

<u>**NINTH CAUSE OF ACTION**</u>
Indemnification – Conn. Gen. Stat. § 7-465
(Against Defendant City of New Haven)

236-241. The allegations in the Ninth Cause of Action are not directed to Defendant, and therefore, no answer is given or required.

<u>**TENTH CAUSE OF ACTION**</u>
Direct Action – Conn. Gen. Stat. § 52-557n
(Against Defendant City of New Haven)

242-249. The allegations in the Tenth Cause of Action are not directed to Defendant, and therefore, no answer is given or required.

<u>**BY WAY OF AFFIRMATIVE DEFENSES**</u>

<u>**First Affirmative Defense:**</u>

The plaintiff's complaint or specific portions thereof, fail(s) to state claim upon which relief can be granted.

<u>**Second Affirmative Defense:**</u>

The actions and conduct of the Defendant did not violate any clearly established constitutional or federal statutory right of which Defendant reasonably should have been aware, and he is therefore entitled to qualified immunity.

<u>**Third Affirmative Defense:**</u>

Plaintiff's claims against Defendant are barred by the applicable statute of limitations.

<u>**Fourth Affirmative Defense:**</u>

Plaintiff's claims against Defendant are barred in whole or in part by the applicable statute of repose.

<u>**Fifth Affirmative Defense:**</u>

Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of laches.

<u>**Sixth Affirmative Defense:**</u>

Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of res judicata and/or claim preclusion.

**Seventh Affirmative Defense:**

Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of collateral estoppel and/or issue preclusion.

**Eighth Affirmative Defense:**

Plaintiff has failed to comply with the statutory notice requirements for an action brought under C. G. S. 7-465.

**Ninth Affirmative Defense:**

Plaintiff's claims are barred by the doctrine of governmental immunity, pursuant to C. G. S. 52-557n and common law.


Dated: April 30, 2019

                                        NIELSEN, ZEHE & ANTAS, P.C.


                                        /s/Jeffrey R. Zehe
                                        Jeffrey R. Zehe
                                        Bradford S. Krause
                                        55 West Monroe Street, Suite 1800
                                        Chicago, Illinois 60603
                                        (312) 322-9900
                                        *jzehe@nzalaw.com*
                                        *bkrause@nzalaw.com*
                                        ***Admitted Pro Hac Vice***

                                        *-and-*

                                        SUSSMAN, DUFFY & SEGALOFF, P.C.
                                        Thomas E. Katon
                                        59 Elm Street, 5th Floor
                                        New Haven, CT 06507
                                        (203) 624-9830
                                        *tkaton@sussmanduffy.com*

                                        ***Attorneys for Defendants***
                                        ***LEROY DEASE, PETISIA ADGER,***
                                        ***and DARYLE BRELAND***