# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERNON HORN,<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF NEW HAVEN, *et al.*,<br>    *Defendants*. | No. 3:18-cv-1502 (JAM) |
| MARQUIS JACKSON,<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF NEW HAVEN, *et al.*,<br>    *Defendants*. | No. 3:19-cv-388 (JAM) |

**ORDER GRANTING MOTIONS TO RECUSE**

      In these related cases, plaintiffs Vernon Horn and Marquis Jackson have sued the City of New Haven and four individual police defendants seeking to hold them liable for their wrongful convictions arising from a robbery and murder that occurred in January 1999. Horn and Jackson allege principally that they were victims of police misconduct involving the fabrication and concealment of evidence, leading to their imprisonment for nearly two decades until the State's Attorney's Office moved to vacate their convictions.

      The City of New Haven has moved to recuse me from further participation in both actions. I will grant the motions on the ground that, because of my prior non-judicial experience involving an effort to reform police department practices in the City of New Haven and because Horn and Jackson assert theories of liability that implicate my prior work, a reasonable observer would question whether I would be impartial with respect to the claims of Horn and Jackson

1

against the City of New Haven. It is better that a new judge without my prior non-judicial experience preside over these actions.

## BACKGROUND

The City's motions for recusal stem from my prior recusal order that I entered *sua sponte* on October 23, 2019, in another case involving a different plaintiff—Bobby Johnson—who sued the City of New Haven and individual police officers for his wrongful conviction and imprisonment for a murder that occurred in August 2006. *See Johnson v. New Haven*, No. 3:17cv1479-AVC (D. Conn.) (Doc. #213) (Notice of Disqualification).[1] The basis for my recusal order in the *Johnson* case was that, in the Spring of 2007 when I was previously employed as a law professor at the Quinnipiac University School of Law, I had served for several months as volunteer co-chair of an *ad hoc* citizen's panel known as the Independent Accountability Panel ("IAP") at the request of the Mayor of New Haven.

Following the much-publicized arrest in 2007 of Lt. William (Billy) White of the New Haven Police Department, Mayor John DeStefano retained a national police consultancy firm, the Police Executive Research Forum ("PERF"), to conduct an audit of the New Haven Police Department's operations and to propose reforms. The IAP was created by Mayor DeStefano to gather public input and comment on those reform proposals. The IAP conducted several community forums regarding reform proposals at which I was present, and a news account reflects that two of the named police officer defendants in the *Johnson* case were also present for at least one of these community forums. After PERF drafted its report, I coordinated the IAP's

---

[1] My recusal ruling in the *Johnson* case was not selected for publication by Westlaw but is publicly available at "Opinions" tab at the U.S. District Court for the District of Connecticut's website. The case was randomly assigned to Judge Covello following my recusal.

response to the PERF reform recommendations and forwarded these comments to the Mayor's office before PERF issued its final report in November 2007.

As I explained in my ruling in the *Johnson* case, I concluded that my recusal was required in accordance with federal law (28 U.S.C. § 455(a)) and the Code of Conduct for U.S. Judges. I noted that, apart from the issue of whether I could *actually* be fair and impartial, federal law requires a judge to recuse where there is even an *appearance* that a judge would not be impartial—where the judge's impartiality might reasonably be questioned. "The determination of whether such an appearance has been created is an objective one based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). I found that "[b]ecause the events at issue concerning Bobby Johnson's guilty plea and sentencing took place at the same time as my involvement with the IAP and because I attended IAP forums on the subject of police department reforms with two of the named defendants (Ortiz and Badger) in 2007, whose supervisory conduct at that time is very much in dispute in this action, I conclude that my impartiality could be reasonably subject to question in light of the timing and particular facts of this case." *Johnson v. New Haven*, No. 3:17cv1479-AVC (Doc. #213 at 3).

Following my recusal order in the *Johnson* case, I considered whether I should also recuse myself in the *Horn* and *Jackson* cases. I initially concluded that I should not do so for two reasons. First, the *Johnson* case involved an investigation and conviction that took place in 2006 and 2007 which overlapped with the time period in 2007 that I was involved with the IAP and issues of reform to the New Haven Police Department. By contrast, the *Horn* and *Johnson* cases each involved an investigation and conviction that occurred in 1999 and 2000—seven or more years before I had any involvement with the IAP. Second, in contrast to the *Johnson* case where I

3

had attended meetings in connection with my work with the IAP with two of the named police officer defendants, I did not have any such interactions with any of the individual defendants in the *Horn* and *Jackson* actions.

On October 31, 2019, I filed a notice on the dockets in the *Horn* and *Jackson* cases advising of my recusal in *Johnson*. My notice stated that I did not presently believe my recusal was warranted in the *Horn* and *Jackson* cases but invited any party to file a recusal motion if they believed I was mistaken. *See Horn v. New Haven*, Doc. #129; *Jackson v. New Haven*, Doc. #60.

On November 21, 2019, the City of New Haven filed motions to recuse on both the *Horn* and *Jackson* dockets. *See Horn v. New Haven*, Doc. #133; *Jackson v. New Haven*, Doc. #61. Only the City of New Haven seeks recusal, and none of the individual defendants have joined in the City's recusal motion.[2] Both Horn and Jackson have filed objections to the recusal motions.

## DISCUSSION

Federal law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 further provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." § 455(b)(1) & (b)(3). The U.S. Code

---

[2] One of the individual defendants, James Stephenson, was not employed by the New Haven Police Department but he has been named by Horn and Jackson as a defendant in these cases in connection with his duties as a forensic firearms examiner for the Connecticut State Police. In July 2019 I denied Stephenson's motion to dismiss on the basis of immunity in both cases, *see Horn v. City of New Haven*, 2019 WL 3006540 (D. Conn. 2019), and my ruling on both is presently the subject of an interlocutory appeal to the U.S. Court of Appeals for the Second Circuit, *see Horn v. New Haven*, No. 19-2418 (2d Cir.), and *Jackson v. New Haven*, No. 19-2443 (2d Cir.).

of Conduct for United States Judges likewise imposes an obligation on federal judges to uphold the integrity and independence of the Judiciary and to perform judicial duties fairly and impartially. *See generally* Code of Conduct for U.S. Judges (effective March 12, 2019).

As noted above, a judge's duty to recuse extends not merely to situations where a judge has *actual* bias but where there is an *appearance* of bias. A judge must ask "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

As I did in the *Johnson* case, I conclude that I do not have any actual bias against the City of New Haven or any of the parties in this action. But I also conclude in light of my further consideration that my impartiality with respect to the claims against the City of New Haven could be reasonably subject to question due to my prior involvement with the IAP.

To understand why this is so requires an understanding of Horn's and Jackson's theories of liability against the City of New Haven. Under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978), a municipality is not liable for the unconstitutional actions of its employees under a theory of *respondeat superior*. Instead, *Monell* provides that a municipality may be vicariously liable for unconstitutional police misconduct only if the misconduct was caused by a municipal policy, practice, or custom, or if it was caused by a municipality's deliberate indifference and inaction in light of a history of prior similar constitutional deprivations by municipal officers. *See Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (describing scope and limitations of municipal liability under *Monell*).

Here, Horn and Jackson both allege ongoing practices and customs of the New Haven Police Department that they believe caused the individual officer defendants to violate their

5

rights. Most significantly for purposes of this ruling, they allege that the existence of such practices and customs may be inferred not only from police misconduct that took place *before* their arrests in 1999 but also from police misconduct that took place long *after* their arrests and convictions. Thus, Jackson's complaint expressly alleges that the City of New Haven "continued these practices for years" of violating suspects' rights, including the arrest and investigation of Bobby Johnson in 2006. *Jackson v. New Haven*, Doc. #1 at 13 (¶¶ 63-64).

Similarly, Horn has sought discovery for purposes of the City of New Haven's *Monell* liability of documents relating to the Bobby Johnson case, arguing that "[n]o principle of law … limits *Monell* discovery exclusively to matters occurring before the incident at issue," but "[t]o the contrary, where the existence of an unwritten municipal custom is in dispute, subsequent conduct can be circumstantial evidence of the existence of a preceding municipal policy or custom." *Horn v. New Haven*, Doc. #79 at 4 (internal quotations and citation omitted). On the strength of Horn's arguments, Magistrate Judge Spector overruled the City's objection to the disclosure of documents concerning the investigation of Bobby Johnson. Doc. #81 at 2.

The parties in the *Horn* and *Jackson* cases are now concluding discovery, and it looks likely that the City of New Haven will move for summary judgment on grounds that the evidence does not support holding the City liable under *Monell*. Alternatively, the case may proceed to trial at which time the City's scope of *Monell* liability would be at issue. For me to evaluate the City's *Monell* liability, I would likely be required to consider evidence about the Bobby Johnson case and about the general practices of the New Haven Police Department very near in time to when I served as co-chair of the IAP in 2007 and when I was part of a citywide effort to evaluate the propriety of the police department's policies and procedures. So at least for *Monell* liability

purposes, there is not so significant a time gap as I had assumed when I initially declined to recuse myself in these cases.

In any event, to the extent that this may be a close issue, a more recent development makes clearer still that it is proper for me to recuse. Jackson has just filed a motion to amend his complaint to add a wide-ranging claim of negligence against the City of New Haven stemming from allegations that individual police officers retained exculpatory evidence in their personal possession and which was not disclosed until 2018. *See Jackson v. New Haven*, Doc. #68 at 3-4. Jackson seeks leave to amend the complaint to allege ongoing negligence by the City from 1999 to 2018 relating to the alleged failure of the City to establish and implement effective procedures for the identification, reporting, and proper official retention of exculpatory information by the officers of the New Haven Police Department. *Ibid.*, Doc. #68-2 at 50-52.

Jackson's newly proposed claim covers the period in 2007 when I worked with the IAP, and his allegations involve certain aspects of the New Haven Police Department's evidence logging, retention, and storages practices that the PERF report identified as needing reform. *See* Doc. #61-3 at 79-80. Indeed, if Jackson's pending motion to amend his complaint is granted (the defendants have yet to file any objection or response), I could see strong grounds for Jackson to seek admission at summary judgment or trial of relevant portions of the PERF report as well as evidence attributing the PERF report to the City on the basis in part of the IAP's coordination and involvement. This is substantial grounds for a reasonable observer to conclude that I should recuse myself.

Jackson argues that if I recuse myself, then similar recusal would be required by many other judges in this District who have presided over cases involving allegations of misconduct by the New Haven Police Department. Doc. #64 at 5-6. But prior "judicial rulings alone almost

7

never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And for that reason, there is no merit to the City's argument that I should recuse myself simply because I presided over Horn's federal habeas corpus petition before the State's Attorney's Office vacated his conviction and mooted the proceeding before me. Doc. #133-1 at 11; *see also Horn v. Commissioner of Correction*, No. 3:17-cv-1064-JAM (D. Conn.). Still, it is one thing to preside over a matter as a judge and yet another to participate in a matter as a *non-judge* like I did when serving as co-chair of the IAP.

Of course, the only reason I served as co-chair of the IAP was because the City of New Haven asked me to volunteer my time. In view that the City endorsed the work of the IAP and hired PERF to write its report, it is somewhat odd that the City now questions whether I could be fair and impartial to the City in light of my service on its behalf.

But the motives for the City's recusal motions are not before me. I am satisfied that my service as co-chair of the IAP is enough to raise a question in the mind of a reasonable observer about my impartiality to address *Monell* and negligence issues specific to the City's liability in these cases. And that is enough to warrant my recusal.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the motion to recuse (Doc. #133) in *Horn v. City of New Haven*, No. 3:18cv1502, and GRANTS the motion to recuse (Doc. #61) in *Jackson v. City of New Haven*, No. 3:19cv388.

The Clerk of Court shall TRANSFER both actions to the docket of Judge Robert N. Chatigny who has consented to this transfer. It is appropriate to transfer the *Horn* action to Judge Chatigny because the *Horn* action was initially docketed by random assignment with Judge Chatigny before it was transferred to me on the ground of its relation to *Horn*'s federal habeas

corpus proceeding. *See Horn v. City of New Haven*, Doc. #10. Because the *Jackson* case was filed after the *Horn* case and transferred to me on the ground of it being related to the *Horn* case, *see Jackson v. City of New Haven*, Doc. #10, it is appropriate as well to transfer the *Jackson* case to Judge Chatigny.

    It is so ordered.

    Dated at New Haven this 18th day of February 2020.

                                                        /s/ ***Jeffrey Alker Meyer***
                                                        Jeffrey Alker Meyer
                                                        United States District Judge