UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARQUIS JACKSON | : | NO.: 3:19-CV-00388 (JAM) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL | : | MAY 19, 2020 |

**PURSUANT TO F.R.C.P. 15(a)(1)(A),
DEFENDANT, CITY OF NEW HAVEN'S ANSWER AND AMENDED AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT [DOC. 110]
DATED APRIL 24, 2020**

1. Paragraphs 1, 2, 50-54, 62-65, 182-186, 224-228, 241, 249, 251-257, 260-261, 263, 265-269 are denied.

2. As to paragraphs 3, 5-49, 55-61, 66-181, 238-240, 244-248, 259 and 262, the defendant lacks knowledge or information sufficient to base a belief about the truth of the matter contained therein, and thereby leaves the plaintiff to his burden of proof.

3. As to paragraph 4, the defendant, City of New Haven, admits it is a municipal corporation, and that the New Haven Police Department is a department within the City of New Haven.

4. As to paragraphs 223, 236, 242, 250, 258 and 264, the defendant realleges and incorporates by reference its previous answers.

5. As to paragraphs 237 and 243, this defendant answers that if Detectives Dease, Adger and Breland acted as alleged in the causes of action against them then they would not have acted in the performance of their duties and/or within the scope of their employment.

6. The defendant does not answer paragraphs 187-222 and 229-235, as they are directed at other defendants.

## BY WAY OF AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of governmental immunity, pursuant to common law.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of absolute immunity.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of limitations, C.G.S. §52-577, C.G.S. §52-584, and/or C.G.S. §7-465.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of repose C.G.S. §52-584 and/or C.G.S. §7-465.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE:

The defendant claims the protection of the doctrine of res judicata, to the extent claims or issues were conclusively determined in prior proceedings.

**EIGHTH AFFIRMATIVE DEFENSE**

The defendant claims the protection of the doctrine of collateral estoppel, to the extent claims or issues were conclusively determined in prior proceedings.

**NINTH AFFIRMATIVE DEFENSE**

The City of New Haven has no indemnification obligation pursuant to C.G.S. §7-465 because plaintiff did not file a written notice of intention to sue with the City Clerk within six months after one or more of the causes of action plead in the complaint accrued, and/or because the individual employee/defendants were not acting in the performance of their duties and/or within the scope of employment at the relevant times alleged in the Complaint, and/or because the alleged injury was the result or a wilful or wanton act of any such employee/defendant in the discharge of such duty.

**TENTH AFFIRMATIVE DEFENSE**

The City of New Haven has no liability under C.G.S. §52-557n because the actions of the individual employee/defendants (Dease, Adger, Breland) as alleged were not within the scope of employment or official duties, and/or the acts or omissions of any such individual employee/defendant constituted criminal conduct, fraud, actual malice or wilful misconduct and/or the actions of any such individual employee/defendant as alleged were negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

**ELEVENTH  AFFIRMATIVE DEFENSE**

Plaintiffs' claims, or some of them, are barred by the immunities set forth in C.G.S. §52-557n(a)(2)(A) and C.G.S. §52-557n(a)(2)(B).

**TWELFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims, or some of them, are barred by C.G.S. §52-557n(b)(6).

**THIRTEENTH AFFIRMATIVE DEFENSE**

If plaintiff suffered the injuries and damages as alleged, such injuries and damages were caused by the plaintiff's own contributory negligence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If plaintiff suffered the injuries and damages as alleged, such injuries and damages were the result of and caused by the unforeseen criminal conduct of another person, including Marcus Pearson and/or Steven Brown and/or Vernon Horn, and the plaintiff's claims, or some of them, against the City of New Haven, are barred by the doctrine of superseding cause.

**JURY DEMAND**

The defendant demands a trial by jury.

> DEFENDANT,
> CITY OF NEW HAVEN
>
>
> By        /s/ Thomas R. Gerarde
>   Thomas R. Gerarde (ct05640)
>   Beatrice S. Jordan (ct22001)
>   Howd & Ludorf, LLC
>   65 Wethersfield Avenue
>   Hartford, CT  06114-1121
>   Ph:   (860) 249-1361
>   Fax:  (860) 249-7665
>   E-mail: tgerarde@hl-law.com
>   E-mail: bjordan@hl-law.com

**CERTIFICATION**

      I hereby certify that on May 19, 2020, a copy of the foregoing Answer and Amended Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by U.S. Mail to as indicate on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                    /s/ Thomas R. Gerarde
                                                Thomas R. Gerarde