UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARQUIS JACKSON | : | NO.: 3:19-CV-00388 (RNC) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL | : | JUNE 7, 2021 |

## **DEFENDANT, CITY OF NEW HAVEN'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(c), the defendant, CITY OF NEW HAVEN, hereby moves for summary judgment as to the plaintiff's Amended Complaint [Doc. 110] filed on April 24, 2020. As is more particularly set forth in the attached supporting Memorandum of Law and Local Rule 56(a)1 Statement, the City of New Haven is entitled to judgment as a matter of law as to all claims directed to it for the following reasons:

1. The plaintiff's claims in Count Six alleging Municipal Liability against the City pursuant to § 1983 fail as a matter of law as the plaintiff cannot demonstrate a basis for Monell liability pursuant to an official policy of unconstitutional conduct, nor an affirmative link to the plaintiff's claimed injury;

2. The plaintiff's claims in Count Six alleging Municipal Liability against the City pursuant to § 1983 fail as a matter of law as the plaintiff cannot demonstrate a basis for Monell liability pursuant to a pervasive pattern or practice of unconstitutional conduct, nor an affirmative link to the plaintiff's claimed injury;

3. The plaintiff's claims in Counts Nine and Twelve brought pursuant to Connecticut General Statute § 7-465 are procedurally and substantively barred by the applicable statute of limitations set forth therein;

4. The plaintiff's claims in Counts Ten and Thirteen brought pursuant to Connecticut General Statute § 52-557n are procedurally and substantively barred by the applicable statute of limitations and statute of repose set forth in Connecticut General Statute § 52-584;

5. The Continuing Course of Conduct Doctrine and the Doctrine of Equitable Tolling do not apply to plaintiff's claims;

6. The plaintiff's claims in Counts Ten and Thirteen fail as a matter of law as the City is immunized from liability for damages caused by criminal, willful and/or intentional acts of its employees, pursuant to Connecticut General Statute § 52-557n;

7. The plaintiff's negligence claims in Counts Ten and Thirteen fail as a matter of law as said claims are barred by the Doctrine of Governmental Immunity;

8. The plaintiff's claims in Counts Nine and Twelve for indemnification pursuant to Connecticut General Statute § 7-465 fail as a matter of law as he cannot establish the requisite underlying liability of a municipal employee which is subject to indemnification;

9. The plaintiff's claims in Counts Nine and Twelve for indemnification pursuant to Connecticut General Statute § 7-465 fail as a matter of law as the underlying claims are barred by the statute of limitations and the Doctrine of Governmental Immunity;

10. The plaintiff's claims in Counts Nine and Twelve for indemnification pursuant to Connecticut General Statute § 7-465 fail as a matter of law as a municipality may not be held liable for the intentional, willful, wanton, reckless or malicious conduct of its employees.

As required by D. Conn. L. Civ. R. 7 and 56(a), a Memorandum of Law, supporting exhibits and a Local Rule 56(a)1 Statement have been simultaneously filed with this motion.

WHEREFORE, the City of New Haven respectfully requests that this Court grant its Motion for Summary Judgment, and enter judgment in its favor as a matter of law as to Counts Six, Nine, Ten, Twelve and Thirteen of the First Amended Complaint.

DEFENDANT,
CITY OF NEW HAVEN


By      /s/ Beatrice S. Jordan
   Thomas R. Gerarde (ct05640)
   Beatrice S. Jordan (ct22001)
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-11921
   Ph:  (860) 249-1361
   Fax:  (860) 249-7665
   E-mail: tgerarde@hl-law.com
   E-mail: bjordan@hl-law.com