**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

MARQUIS JACKSON,

       Plaintiff,

   v.

CITY OF NEW HAVEN, et. al.,

       Defendants.

Civil Action No. 3:19-cv-00388 (KAD)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
JUDICIAL NOTICE OF OTHER COURT PROCEEDINGS**

As stated in the Court's ruling herein denying Defendant City of New Haven's motion for summary judgment, Plaintiff's *Monell* count is supported by evidence of NHPD policy and practice that "had long been in effect, . . . and remained in effect as of the time of the Dixwell Deli investigation," citing to previous NHPD cases, including a number of those cited below. Dkt. 267 at 11-12; s*ee also, Carvaughn Johnson v Angel Quiros*, Dkt. 24, Case No. 3:24-CV-01847 (D. Conn. Jan. 13, 2026) ( "significant similarities" in allegations of NHPD misconduct across multiple civil rights actions during the period in question).

Plaintiff files the present motion pursuant to Fed. R. Evid. 201 and requests the Court take judicial notice of certain convictions, vacaturs of convictions, pardons, and court findings, not reasonably subject to dispute. Under Rule 201(c)(2), the Court "must" take judicial notice where a party requests it and supplies the necessary information. Such facts may specifically include court filings and judgments in other proceedings. *E.g., VDARE Found., Inc. v. James*, 162 F.4th 77, 83 (2d Cir. 2025) (conclusive effect of court order in prior case); *Cerilli v. Quiros*, 768 F. Supp. 3d 363, 365 (D. Conn. 2025) (judicial notice of habeas corpus decision); *Sharp v. Best*, No.

1

21-cv-185, 2025 WL 349724, at *1 (E.D.N.C. Jan. 30, 2025) (judicial notice of pardon).

Accordingly, pursuant to Rule 201(f), it is respectfully submitted that the Court should instruct the jury to accept the following facts "as conclusive":

1. In 1991, Eric Ham was charged with and incarcerated for the murder of Markiest Alexander. On March 4, 1996, a federal jury found that NHPD officers Joseph Greene and Michael Sweeney falsely arrested and maliciously prosecuted Ham. **Ex. 1** (Ham Civil Rights Verdict).

2. In 1993, Maceo Streater was convicted of the murder of Terrance Gamble. On April 6, 2022, the Connecticut Board of Pardons and Paroles granted Mr. Streater an absolute pardon.. **Ex. 2** (Streater Pardon).

3. In 1994, Daryl Valentine was convicted of the murders of Hury Poole and Andrew Paisley. In 1997, Mr. Valentine's conviction was reversed and remanded for a new trial. *State v. Valentine*, 240 Conn. 395 (1997). Mr. Valentine was thereafter re-tried and convicted, and in 2000 the Connecticut Supreme Court upheld that conviction. *State v Valentine*, 255 Conn. 61 (2000). In 2022, the State of Connecticut Board of Pardons and Paroles commuted Mr. Valentine's sentence and he was released. **Ex. 3** (Valentine Commutation).

4. In 1994, Stefon Morant was convicted of the felony murder of Ricardo Turner and Lamont Fields. On July 7, 2021, the Connecticut Board of Pardons and Paroles granted Mr. Morant an absolute pardon. **Ex. 4** (Morant Pardon). On May 29, 2026, a federal jury found the City of New Haven had a widespread practice or custom of suppressing evidence favorable to criminal defendants and that it was responsible for violation of Mr. Morant's constitutional rights. **Ex. 5** (Morant Civil Rights Verdict), at 4-5.

5. In 1995, Scott Lewis was convicted of the murders Ricardo Turner and Lamont Fields. In 2003 Mr. Lewis filed a federal habeas corpus petition in the United States District Court for the District of Connecticut. In 2013, following an evidentiary hearing, Mr. Lewis's petition was granted and his conviction was vacated, *Lewis v. Comm'r of Correction*, 975 F. Supp. 2d 169 (D. Conn. 2013)– a ruling subsequently upheld by the United States Court of Appeals for the Second Circuit. *Lewis v. Connecticut Comm'r of Correction*, 790 F.3d 109 (2d Cir. 2015). On August 5, 2015, the charges against Mr. Lewis were dismissed by the Connecticut Superior Court. **Ex. 6** (Lewis Dismissal).

6. In 1995, George Gould and Ronald Taylor were convicted of the felony murder of Eugenio Vega. In 2010, a state habeas court vacated their convictions, based in part on the recantation of a witness. *Gould v. Commissioner of Correction*, No. TSR-CV-05-4000409-S, 2010 WL 1544667, at *29 (Conn. Super. Ct. March 17, 2010). The State appealed, and in 2011, the Connecticut Supreme Court reversed the judgment of the habeas court. *Gould v. Commissioner of Correction*, 301 Conn. 544 (2011). Mr. Gould was returned to custody, though Mr. Taylor

passed away in 2011. In 2024, following a review by the Connecticut Chief State's Attorney's Conviction Integrity Unit, the State's Attorney for the Judicial District of New Haven filed motions to vacate the convictions of Mr. Gould and Mr. Taylor and the charges were dismissed. **Ex. 7** (Gould Dismissal) at 19; **Ex. 8** (Taylor Dismissal) at 16.

7. In 1995, Adam Carmon was convicted of murdering Danielle Taft and shooting Taft's grandmother, Charlene Troutman. In 2023, Carmon's convictions were vacated and the charges dismissed. **Ex. 9** (Carmon Dismissal).

8. In 1996, John Cusik was murdered in New Haven and his body left in North Haven. Detectives in the NHPD located and interviewed an alleged eyewitness, but that interview was not shared with the police department (North Haven) conducting the primary investigation. In the wake of the public scandal that followed, the lieutenant then in charge of the NHPD detective bureau was prosecuted for tampering with physical evidence. In 2003, following a criminal jury trial, he was acquitted. **Ex. 10** (Sullivan Acquittal).

9. In 2000, Vernon Horn and Marquis Jackson were convicted of robbery and the murder of Caprice Hardy. In 2018, their convictions were vacated on the motion of the New Haven State's Attorney and the charges dismissed. **Ex. 11** (Horn Dismissal) at 16–18; **Ex. 12** (Jackson Dismissal) at 16–18.

10. In 2002, Carvaughn Johnson was charged with the 2001 murder of Markeith Strong. The jury at his first trial was unable to reach a verdict. Following retrial and conviction, upheld on direct appeal, Mr. Johnson brought a state habeas petition. In 2013 the state habeas court vacated the conviction and returned the case to the trial court. *Johnson v. Warden*, No. TSR-CV-09-4002796-S, 2013 WL 5422895, at *15 (Conn. Super. Ct. Sept. 11, 2013). The Connecticut Appellate Court reversed, reinstating the conviction. *Johnson v. Comm'r of Corr.*, 166 Conn. App. 95 (2016), *aff'd*, 330 Conn. 520 (2019). In 2024, Mr. Johnson filed a *pro se* federal habeas petition. *Johnson v. Quiros*, Case No. 3:24-CV-01847. On January 13, 2026, although denying the petition, the federal district court directed counsel for the State to refer the case to the Conviction Integrity Unit of the Connecticut Chief State's Attorney's Office. *See.* **Ex. 13** (C. Johnson -State's Notice of referral to CIU).

11. In 2007, Bobby Johnson was convicted of the 2006 murder of Herbert Fields. On September 4, 2015 Johnson's conviction was vacated on motion of the New Haven State's Attorney and the charges dismissed. **Ex. 14** (B. Johnson – Court Order Vacating Conviction).

Dated: July 10, 2026

Respectfully Submitted,

 */s/ Kenneth Rosenthal*

Kenneth Rosenthal, ct05944
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
(203) 915-4235
krosenthal@gs-lawfirm.com

*Attorney for Plaintiff Marquis Jackson*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 10, 2026, a copy of the foregoing, and the exhibits attached hereto, was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/ Kenneth Rosenthal*
Kenneth Rosenthal

5